VAN CAMP PACKING COMPANY, Respondent, *v.* JAMES F. McGUIRE, Appellant, Impleaded with Another.

*Evidence — purchase by a vendee of goods rejected by him and sold for the vendor's account — requests to charge matters already covered by the charge.*

Where an action is brought for goods sold, and the defense is that the sale was by sample and that the goods were not equal to the sample, the plaintiff may properly prove that, after the defendant had objected to the goods, he sold them at public auction for the plaintiff's account and bought them in at a nominal price, and subsequent to the commencement of the action sent them to his manufactory and used a large part of the goods to make the same product as that for the manufacture of which the goods were originally purchased.

Evidence of this character does not necessarily alter the rights of the parties nor authorize a recovery by the plaintiff, but is to be considered by the jury upon the question of the good faith which attended the defendant's rejection of the goods.

When the court has instructed the jury upon the legal aspect of a case and the effect of certain transactions, it is not error for it to refuse to charge an isolated proposition already covered by the charge made.

APPEAL by the defendant, James F. McGuire, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of February, 1894, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order made on the 27th day of February, 1894, and entered in said clerk's office denying his motion for a new trial made upon the minutes.

*William L. Snyder*, for the appellant.

*Jno. B. Adger Mullally*, for the respondent.

PARKER, J.:

The judgment under review awards to the plaintiff the contract price of 500 barrels of tomato pulp, sold and delivered to the defendant during the month of November, 1889. The making of the contract, its terms, and a delivery by the plaintiff of the quantity of tomato pulp called for by it is not disputed, the defense being that the goods were sold by sample and that the delivery made was inferior in quality to the sample shown at the time the contract was made. On the part of the plaintiff it was proved that

the sample barrel was taken from a lot of 700 barrels without any selection, every one of which was made by the same process, in the same manner and at the same time, from the same tomatoes and under the same conditions. After the defendant had contracted to take 500 barrels like the sample they were all taken from this same lot of 700 barrels and shipped to the defendant. On the part of defendant evidence was offered that the 500 barrels were inferior in quality to that of the sample barrel.

We shall not discuss this evidence because it is not contended that the verdict rendered by the jury in favor of the plaintiff was against the weight of evidence. The questions on this appeal relate to the rulings of the court in admitting evidence, and in refusing to charge as requested by the defendant.

The first exception brought to our attention was taken to the admission of evidence showing that the defendant was a partner of Mr. Lawson at Camden, N. J., and that he became such in April, 1890. It appears that after the tomato pulp had been received, and the defendant had notified plaintiff that he refused to accept it as a fulfillment of the contract to deliver to him 500 barrels like the sample, that he stored it in his own name, and after some little time had elapsed, during which a number of barrels were tested and used, he caused the barrels remaining unopened to be sold on the plaintiff's account.

It is not questioned but that the sale was made by a licensed auctioneer in the regular way and upon notice to plaintiff. Upon this sale the defendant became the purchaser at a nominal price. All of this took place after the commencement of this action, and it was not claimed upon the trial that this sale, or the fact of the purchase by the defendant, in any way affected the legal rights of the parties, which were fixed prior to the commencement of the action.

But it seems that after the defendant had purchased 435 barrels at the auction sale he sent them over to Camden, where they were manufactured into tomato catsup, and it was for that purpose they were originally purchased by the defendant. Francis Hemphill testified that he was in the employ of Mr. Lawson and this defendant McGuire in 1890, when McGuire sent over the tomato pulp in question for manufacture into catsup by the firm of which he was a member. Hemphill said that the catsup made from this pulp was

like that made from other pulp put up in barrels, and that from every barrel and one-half of pulp they manufactured a barrel of catsup. Without further reference to the testimony of this witness it will be seen that the object which the plaintiff had in view was to show that the pulp which the defendant insisted upon was worthless, was made into catsup by a firm of which he was a member. It is true, as the appellant urges, that if the fact was that the pulp was inferior to the sample pulp, the manufacture of it by defendant's firm, after it had been purchased by him at the auction sale, would not entitle the plaintiff to recover, but it constituted a fact which it was proper for a jury to consider in weighing the evidence presented by the defendant for the purpose of establishing that it was not of the quality bargained for, because, among other reasons, it tended to support the evidence of Hemphill, the employee of defendant's firm at Camden, that it made good catsup and the usual quantity ; and it was also a circumstance proper to be considered in connection with other facts found bearing upon the good faith of the defendant in rejecting the pulp.

The court refused to charge, at the request of defendant's attorney, that " whether they did or did not use the nineteen barrels of pulp after this action was commenced is entirely immaterial to this case." It was a fact that nineteen of the barrels were used after the commencement of the action, and by this request the defendant sought to take away from the jury the right to consider it in connection with the other facts proved. If he meant by that request that the fact of the use of the nineteen barrels could not be considered in connection with other facts bearing upon the good faith of the defendant, the request was too broad ; if, on the other hand, it was intended by it to instruct the jury that the use of the nineteen barrels, after the commencement of the action, could not affect the legal rights of the parties, because they were fixed at the time of its commencement, the legal proposition embraced in the request was correct. But on that ground he has no legal grievance, because of its refusal, for the court had already charged the jury to that effect, and the defendant was not entitled to have the same proposition charged a second time. For the same reason the court did not err in refusing to charge the following request : " I ask your Honor to charge the jury, that the sole question on the merits of this case for the jury to determine

is, whether the 500 barrels were up to the sample. If they were, then the plaintiff is entitled to a verdict; but if they were not, then the defendants are entitled to a verdict for $659.73."

The court had fully and fairly presented this issue to the jury, and, in the course of the presentation, had made such allusions to the evidence as would naturally tend to aid the jury in reaching a proper conclusion with reference to that issue. By this request the defendant sought to have the proposition recharged, but apart from the comments which the court had deemed it its duty to make in connection with it — a method of securing a little advantage often resorted to and quite too frequently with success. But to this request the trial court responded: " That I refuse, except as already charged." As it already had been sufficiently charged, as we have observed, the disposition made of the request was proper.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.